## Fox, District Attorney, v. Ross et al.

*Public officers—District attorney—Length of term of district attorney appointed by Board of Judges to fill vacancy — Acts of May 3, 1850, and April 13, 1859—Constitution, art. viii, sects. 2 and 3, and art. xiv, sect. 2.*

1. When a vacancy occurs in the office of district attorney which is filled by the Board of Judges, the appointee holds office until his successor is duly elected and qualified, and such successor can be elected only at a municipal election, and his election is not for the balance of the term that became vacant, but for the full term of four years, the term of service prescribed by section 2, article xiv, of the Constitution; hence, Charles Edwin Fox, who was appointed by the Board of Judges on Jan. 12, 1926, to fill the vacancy in the office of district attorney caused by the resignation of Samuel P. Rotan on Jan. 9, 1926, holds office until the person elected by the people at the municipal election to be held in November, 1927, shall have been duly qualified.

Acts of May 3, 1850, § 1, P. L. 654, and April 13, 1859, § 1, P. L. 617, article viii, sections 2 and 3, and its amendment of 1909, and section 2, article xiv, of the Constitution, considered.

*Declaratory Judgments Act of June 18, 1923—Petition by district attorney to have length of term of office judicialy determined.*

2. A petition by one holding the office of district attorney by appointment by the Board of Judges to fill a vacancy to have the length of the term of his office judicially determined may be entertained by the court under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840.

Petition for declaratory judgment. C. P. No. 5, Phila. Co., Dec. T., 1925, No. 16057.

*O. J. Roberts, J. G. Gordon* and *J. J. Rothschild,* for rule.

*H. W. Watkins,* contra.

MARTIN, P. J., March 12, 1926.—A petition was presented by Charles Edwin Fox, setting forth that William C. Ross, a citizen taxpayer, had filed in this court a petition for a writ of mandamus directing the Commissioners of Philadelphia County to make publication that the nomination of a District Attorney for this county will be voted for at the primary election May 18, 1926, in order that a District Attorney might be elected at the general election to be held the Tuesday following the first Monday of November, 1926. The petition further avers that Samuel P. Rotan was elected District Attorney of Philadelphia County at a municipal election held in November, 1921, and entered upon his duties on the first Monday of January, 1922; that on Tuesday, Nov. 3, 1925, John M. Patterson was elected District Attorney for the term beginning the first Monday of January, 1926, and that he died on the same day after his election and did not qualify; that Samuel P. Rotan continued to hold the office of District Attorney until he resigned on Jan. 9, 1926; that on Jan. 12, 1926, the judges of the Courts of Common Pleas of Philadelphia County appointed Charles Edwin Fox, the petitioner, to fill the office of District Attorney for the County of Philadelphia until the next municipal election and the person then elected shall have duly qualified; that, pursuant to this appointment, the Prothonotary of the Courts of Common Pleas issued to the said Charles Edwin Fox a certificate of appointment to fill the office of District Attorney "until the next Municipal election and until the person elected by the people shall have duly qualified."

The petition avers that, by reason of the filing of the application for a mandamus by William C. Ross, a question has been raised respecting the term for which petitioner was appointed District Attorney, and he prays the court to enter its judgment construing the appointment by the judges of the Courts

Fox, District Attorney, v. Ross et al.

of Common Pleas "to hold the said office until the next Municipal election to be held in November, 1927, and until the person elected by the people at said election shall have duly qualified."

Upon filing the petition a rule was granted and served upon William C. Ross, the citizen taxpayer, and upon the Commissioners of Philadelphia County, requiring them to show cause why the petitioner should not be afforded relief from uncertainty and insecurity in respect to his rights and status growing out of his appointment as District Attorney by the judges of the Courts of Common Pleas of Philadelphia County and the statute under which the appointment was made; and to show cause why the court should not enter a declaratory judgment or decree construing the rights, status and legal relations of petitioner growing out of his appointment as district attorney and why the court should not enter its judgment construing the appointment by the judges of the Courts of Common Pleas of Philadelphia County to hold the office until the next municipal election to be held in November, 1927, and until the person elected by the people shall have duly qualified.

An answer was filed by William C. Ross, in which the facts averred in the petition were admitted.

The answer avers that the appointment of Charles Edwin Fox to fill the office of District Attorney for the County of Philadelphia was made to continue until the next general election, the primaries for which will be held on May 18, 1926, and the election on the first Tuesday following the first Monday in November, 1926; and further, that, although the mandamus proceeding would definitely determine the issue, no objection will be interposed to the petition for a declaratory judgment; and respondent joins in the prayer that the court enter its judgment or decree construing the appointment made by the judges of the Courts of Common Pleas, but prays that it be construed to continue only until the next general election, which occurs in November, 1926, and until the person then elected shall have duly qualified.

That the Court of Common Pleas has jurisdiction to enter a declaratory judgment in this proceeding is supported by the learned and scholarly opinion by Mr. Chief Justice Moschzisker in Kariher's Petition (No. 1), 284 Pa. 455.

Counsel for Ross contends that the appointment of Charles Edwin Fox under the law cannot continue for a longer period than from the date of his appointment until the election of a successor at the next general election and the qualification of the person then chosen.

In support of this contention, the Act of May 3, 1850, § 1, P. L. 654, was cited, which enacts that if any vacancy occurs in the office of District Attorney, the judges of the Courts of Common Pleas shall fill such vacancy by the appointment of a competent person to fill the office until the next general election, "providing such vacancy happens thirty days before; if not then, until the next general election thereafter and until a successor has been duly elected and qualified."

At the date of the passage of this act general elections were held annually, and this practice continued until changed by the addition of constitutional amendments.

Section 2 of the Constitution, article VIII, provided for general elections to be held annually in November. Section 3 of the same article required all elections for city, ward, borough and township offices, for regular terms of service, to be held in February. The Amendment of 1909, art. VIII, § 2, prescribes that general elections must be held bi-annually on the Tuesday next following the first Monday of November in each even-numbered year; and section 3 directs that county officers for regular terms of service shall be

elected at the municipal election to be held bi-annually on the Tuesday next following the first Monday in November in each odd-numbered year.

Power was conferred upon the general assembly to fix a different day for holding the elections, provided that general elections must always be held in even-numbered years and municipal elections in odd-numbered years.

Article XV, section 1, of the Constitution includes district attorneys among county officers.

The Act of April 13, 1859, § 1, P. L. 617, declared the true intent of the Act of May 3, 1850, providing for election of district attorneys, to be that any person elected to fill a vacancy in the office shall hold his office for the full term of three years.

Section 2 of article XIV of the Constitution provides that the county officers elected at the municipal election shall hold their offices for the term of four years, beginning on the first Monday of January next after their election and until their successors shall be duly qualified.

The district attorney being a county officer can be elected only at a municipal election. When a vacancy occurs, he can be elected at a municipal election occurring more than thirty days after the happening of the vacancy. When the vacancy is filled by the judges, the appointee holds office until his successor is duly elected and qualified. The successor can be elected only at a municipal election, and his election is not for the balance of the term that became vacant, but for the full term of four years, the regular term of service prescribed by article XIV, section 2, of the Constitution.

And now, to wit, March 12, 1926, the prayer of the petition filed by Charles Edwin Fox is granted; the rule is made absolute to show cause why the court should not enter a declaratory judgment construing the rights and legal status growing out of the appointment of Charles Edwin Fox as District Attorney by the judges of the Courts of Common Pleas of Philadelphia County and construing his appointment to be lawful as District Attorney of Philadelphia, to hold the office until the next municipal election to be held November, 1927, and until the person then elected shall have duly qualified.

And it is ordered and decreed that Charles Edwin Fox is declared to be the legally appointed District Attorney for the County of Philadelphia, to hold the office of District Attorney until the next municipal election to be held the first Tuesday after the first Monday in November, 1927, and until the person elected at that election shall have duly qualified.